**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1962-16T1

GILLIAN L. SHARP,

    Plaintiff-Appellant,

v.

SEARS HOME APPLIANCE
SHOWROOM, LLC (improperly
pled as SEARS, d/b/a
SEARS HOME APPLIANCE),

    Defendant-Respondent.

_____

        Argued May 15, 2018 — Decided June 21, 2018

        Before Judges Yannotti, Carroll and DeAlmeida.

        On appeal from Superior Court of New Jersey,
        Law Division, Burlington County, Docket No.
        L-1077-16.

        Lewis G. Adler argued the cause for appellant
        (Lewis G. Adler and Law Office of Paul N.
        DePetris, attorneys; Lewis G. Adler and Paul
        N. DePetris, of counsel and on the briefs).

        Jerry A. Cuomo argued the cause for respondent
        (Landman, Corsi Ballaine & Ford, PC,
        attorneys; Jerry A. Cuomo and Fay L. Szakal,
        on the brief).

PER CURIAM

Plaintiff, Gillian L. Sharp, appeals from an order entered by the trial court on December 19, 2016, which dismissed her complaint with prejudice. We affirm.

I.

The relevant facts are essentially undisputed. Defendant, Sears Appliance Showroom, LLC (Sears), operates a retail appliance store in Burlington County. On July 19, 2015, Sharp purchased a wall oven from Sears to replace an existing wall oven in her kitchen. Sharp paid $2990.48 for the oven, and charged that amount to a Sears credit card she opened on the date of purchase. It was agreed that Sears would deliver the oven to Sharp's home.

On July 27, 2015, Sears delivered the oven to Sharp's home. Sears deliverymen removed the existing oven from Sharp's kitchen cabinet. However, the deliverymen determined that the new oven would not fit into the space for which it was intended. Sharp refused to accept the oven, and the deliverymen returned the existing oven to its place in the cabinet. Sharp returned to the Sears store the same day and ordered a different oven, which was also to be delivered to her home. Sharp paid $2845.98 for the second oven, which was also charged to her Sears credit card.

On August 10, 2015, the Sears deliverymen returned to Sharp's home and removed the existing oven from the kitchen cabinetry. The deliverymen attempted to install the second oven, but it would

A-1962-16T1

not fit. Sharp refused to accept the second oven, and the deliverymen returned the existing oven to the cabinet.

Thereafter, Sharp purchased a third oven from a different retailer. Apparently, the third oven fit into the wall of the kitchen, after Sharp hired a contractor to modify the cabinetry in her kitchen. On September 22, 2015, Sears provided Sharp with a full refund for the cost of both of the ovens. Sears cancelled Sharp's credit card and closed the account.

On May 9, 2016, Sharp filed a complaint in the trial court alleging that the receipts Sears had issued to her violate the New Jersey Truth-in-Consumer Contract, Warranty, and Notice Act (TCCWNA), N.J.S.A. 56:12-14 to -18. Sharp based her claims on alleged violations of the Delivery of Household Furniture and Furnishings Regulations (HFR), N.J.A.C. 13:45A-5.1 to -5.4, which were adopted by the Division of Consumer Affairs (DCA) pursuant to the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -210. Sharp sought to pursue these claims on her own behalf, as well as a putative class of New Jersey citizens who purchased "household furniture" as defined in the HFR from Sears.

Sharp alleged in count one that the July 19, 2015 and July 27, 2015 receipts violate the TCCWNA because they failed to include certain language required by N.J.A.C. 13:45A-5.2(a), specifically the statement that "The merchandise you have ordered is promised

for delivery to you on or before (insert date or length of time agreed upon)." Sharp claimed that instead of the mandatory language, the July 19, 2015 receipt stated, "You will be contacted within [twenty-four] hours to set up the installation appointment." The July 27, 2015 receipt stated "DELIV. DATE 08/10/15" and also included the language regarding the installation appointment.

In count two, Sharp alleged the receipts violated the TCCWNA because they did not include certain language mandated by N.J.A.C. 13:45A-5.3(a). The regulation requires home furniture delivery contracts to include the following statement: "If the merchandise ordered by you is not delivered by the promised delivery date, (insert name of seller) must offer you the choice of (1) canceling your order with a prompt, full refund of any payments you have made, or (2) accepting delivery at a specific later date." Ibid. Sharp acknowledged the receipts Sears provided to her included all of the mandatory language, except they referred to the "promised date" rather than the "promised delivery date."

In count three, Sharp claimed the Sears receipts violated the TCCWNA because they included conditions on the return of merchandise that allegedly violated N.J.S.A. 13:45A-5.3(c). The regulation states that a home furniture delivery contract may not contain "any terms, such as 'all sales final,' 'no cancellations'

or 'no refunds,' which violate or are contrary to the rights and responsibilities provided for by this rule." Ibid.

In count four, Sharp sought a declaratory judgment with regard to all of the TCCWNA violations pled in the first three counts of the complaint. She sought a declaration that the Sears sales documents violated the HFR, and a judgment declaring the contracts void and unenforceable.

Sears filed a motion to dismiss pursuant to Rule 4:6-2(e), arguing that Sharp had not stated a claim upon which relief could be granted. Sharp opposed the motion. The court heard oral argument on the motion, and on December 19, 2016, filed a written opinion finding that Sharp had not asserted a cognizable claim under the TCCWNA. The court filed an order dismissing the complaint with prejudice. This appeal followed.

On appeal, Sharp argues: (1) she pled viable claims under the TCCWNA because Sears' non-compliance with the HFR is a per se violation of the CFA and, therefore, violates a clearly established legal right of the consumer or responsibility of the seller; (2) she pled viable TCCWNA claims because the Sears contracts affirmatively misstate consumer rights and seller responsibilities under the HFR and omit language required by the HFR; (3) the trial court erroneously concluded that counts one and two did not state valid TCCWNA claims because they merely pled an omission rather

than an affirmative misstatement; (4) the court erred by dismissing counts one and two based on an unpublished opinion of the Court of Appeals for the Third Circuit; (5) the court erred by dismissing count three on the basis of an interpretation of the HFR in a brief filed by the DCA; and (6) the declaratory judgment claim was properly pled because it was not dependent on a viable TCCWNA claim.

## II.

The TCCWNA was enacted "to prevent deceptive practices in consumer contracts." Dugan v. TGI Fridays, Inc., 231 N.J. 24, 67 (2017) (quoting Kent Motor Cars, Inc. v. Reynolds & Reynolds Co., 207 N.J. 428, 457 (2011)). In the TCCWNA, the Legislature "did not recognize any new consumer rights but merely imposed an obligation on sellers to acknowledge clearly established consumer rights and provide[] remedies for posting or inserting provisions contrary to law." Id. at 68 (quoting Shelton v. Restaurant.com, Inc., 214 N.J. 419, 432 (2013)). The TCCWNA provides:

> No seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is

made or the consumer contract is signed or the warranty, notice or sign is given or displayed. Consumer means any individual who buys, leases, borrows, or bails any money, property or service which is primarily for personal, family or household purposes.

[N.J.S.A. 56:12-15.]

The TCCWNA authorizes the award of a civil penalty, damages, attorneys' fees, and costs to an "aggrieved consumer."

Any person who violates the provisions of this act shall be liable to the aggrieved consumer for a civil penalty of not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorneys' fees and court costs. This may be recoverable by the consumer in a civil action in a court of competent jurisdiction or as part of a counterclaim by the consumer against the seller, lessor, creditor, lender or bailee or assignee of any of the aforesaid, who aggrieved him. A consumer also shall have the right to petition the court to terminate a contract which violates the provisions of [N.J.S.A. 56:12-15] and the court in its discretion may void the contract.

[N.J.S.A. 56:12-17.]

Therefore, a plaintiff pursuing a TCCWNA claim must prove four elements: (1) defendant was a seller; (2) defendant offered or entered into a written consumer contract; (3) at the time the written consumer contract is signed or displayed, that writing contains a provision that violates any clearly established legal right of a consumer or responsibility of a seller; and (4)

plaintiff is an "aggrieved consumer." <u>Spade v. Select Comfort Corp.</u>, 232 N.J. 504, 516 (2018) (citing N.J.S.A. 56:12-15, -17).

"The CFA was enacted to provide[] relief to consumers from 'fraudulent practices in the market place.'" <u>Dugan</u>, 231 N.J. at 50 (quoting <u>Lee v. Carter-Reed Co.</u>, 203 N.J. 496, 521 (2010)). Conduct violating the CFA is defined as:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

> [N.J.S.A. 56:8-2.]

An "unlawful practice" in violation of the CFA may arise from "(1) an affirmative act; (2) a knowing omission; or (3) a violation of an administrative regulation." <u>Dugan</u>, 231 N.J. at 51 (citing <u>Thiedemann v. Mercedes-Benz USA, LLC</u>, 183 N.J. 234, 245 (2005); <u>Cox v. Sears Roebuck & Co.</u>, 138 N.J. 2, 17 (1994)). "A showing of intent is not essential if the claimed CFA violation is an affirmative act or a regulatory violation, but such a showing is necessary if the claimed violation is an omission pursuant to

N.J.S.A. 56:8-2." Id. at 51 (citations omitted). Furthermore, a plaintiff asserting a claim under the CFA must demonstrate an "ascertainable loss" and "a causal relationship between the unlawful conduct and the ascertainable loss." Id. at 52 (quoting D'Agostino v. Maldonado, 216 N.J. 168, 184 (2013)).

The DCA adopted the HFR, which apply to the delivery of household furniture and furnishings. Spade, 232 N.J. at 509. The regulations apply to "[a]ny person who is engaged in the sale of household furniture for which contracts of sale or sale orders are used for merchandise ordered for future delivery." N.J.A.C. 13:45A-5.1(a).

N.J.A.C. 13:45A-5.1(a) requires the seller to "[d]eliver all of the ordered merchandise by or on the promised delivery date," or "[p]rovide written notice to the consumer of the impossibility of meeting the promised delivery date." The written notice must "offer the consumer the option to cancel said order with a prompt, full refund of any payments already made or to accept delivery at a specified later time." Ibid. N.J.A.C. 13:45A-5.2 and -5.3 prescribe specific language that must be included in the contract forms or sales documents. N.J.A.C. 13:45A-5.2(a) requires the contract forms or sales documents to state the agreed upon delivery date.

N.J.A.C. 13:45A-5.3(a) generally requires the seller to include language indicating that if the delivery is not made when promised, the consumer has the choice of cancelling the order and receiving a prompt, full refund, or accepting delivery at a later date. In addition, N.J.A.C. 13:45A-5.3(c) prohibits a seller from including certain language in a sales contract or agreement, such as "all sales final," "no cancellations," or "no refunds."

III.

In <u>Spade</u>, the Court addressed two questions that had been certified by the Third Circuit. 232 N.J. at 508. The questions were:

> 1. Does a violation of the . . . [HFR] alone constitute a violation of a clearly established right or responsibility of the seller under the TCCWNA and thus provide[] a basis for relief under the TCCWNA?
>
> 2. Is a consumer who receives a contract that does not comply with the . . . [HFR], but has not suffered any adverse consequences from the noncompliance, an "aggrieved consumer" under the TCCWNA?
>
> [<u>Ibid.</u>]

In answering the first question, the Court held that the inclusion of language in a contract of sale or sale order for the delivery of household furniture that is prohibited by N.J.A.C. 13:45A-5.3(c) "may alone give rise to a violation of a 'clearly established legal right of a consumer or responsibility of a

10

seller' for purposes of the TCCWNA." Id. at 509 (citing N.J.S.A. 56:12-15).

The Court stated there is "no support in the TCCWNA or in case law for the proposition that . . . [the HFR] cannot serve as the source of a consumer's 'clearly established legal right' or a 'responsibility of a seller' under N.J.S.A. 56:12-15." Id. at 519. The Court explained,

> N.J.A.C. 13:45A-5.3(c) is plainly the source of a "clearly established legal right of a consumer or responsibility of a seller" within the meaning of N.J.S.A 56:12-15. The regulation carries the force of law; indeed, a violation "shall be subject to the sanctions contained in" the CFA.
>
> . . . .
>
> [A] furniture seller's inclusion in a consumer sales contract or agreement of language prohibited by N.J.A.C. 13:45A-5.3(c) may alone constitute a violation of a "clearly established legal right of a consumer or responsibility of a seller" under N.J.S.A. 56:12-15, and thus may provide a basis for relief under the TCCWNA.
>
> [Id. at 26—27 (citations omitted).]

In responding to the second question, the Court held that "a consumer who receives a contract that includes language prohibited by N.J.A.C. 13:45A-5.3(c), but who suffers no monetary or other harm as a result of that non-compliance, is not an 'aggrieved consumer' entitled to a remedy under the TCCWNA." Id. at 509

11                                                    A-1962-16T1

(citing N.J.S.A. 56:12-17). The Court explained that the term "aggrieved" "distinguishes consumers who have suffered harm because of a violation of N.J.S.A. 56:12-15 from those who have merely been exposed to unlawful language in a contract or writing, to no effect." Id. at 522.

Ultimately, a consumer may be "aggrieved" for purposes of N.J.S.A. 56:12-17 if he or she has suffered harm as a result of the defendant's inclusion of prohibited language in a contract or other writing even if that harm is not a basis for a damages award. Id. at 523. The Court stated

> If, for example, a furniture seller fails to timely deliver a consumer's furniture, and the consumer would have sought a refund had he or she not been deterred by the "no refunds" language prohibited by N.J.A.C. 13:45A-5.3, that consumer may be an "aggrieved consumer" entitled to a civil penalty under N.J.S.A. 56:12-17. If an untimely delivery and misleading "no refunds" language leave a consumer without furniture needed for a family gathering, the consumer may be an "aggrieved consumer" for purposes of N.J.S.A. 56:12-17.
>
> [Ibid.]

"Proof of harm resulting from contract language prohibited by N.J.S.A. 56:12-15 may warrant a civil penalty under N.J.S.A. 56:12-17, even if the harm is not compensable by damages." Id. at 524. However, a consumer who receives a contract containing provisions that violate one of the regulations at issue, but who

has suffered no adverse consequences as a result of the contract's non-compliance with the regulations, is not an "aggrieved consumer" for purposes of the TCCWNA. <u>Ibid.</u>

> [I]f a consumer has entered into a sales contract containing a provision that violated N.J.A.C. 13:45A-5.3, but his or her furniture was delivered conforming and on schedule, and he or she has incurred no monetary damages or adverse consequences, that consumer has suffered no harm. Such a consumer is not an "aggrieved consumer" under N.J.S.A. 56:12-17.
>
> [<u>Ibid.</u>]

IV.

Here, Sharp argues that the trial court erred by dismissing her complaint pursuant to <u>Rule</u> 4:6-2(e) for failure to state a claim upon which relief can be granted. She contends the trial court erred by finding that counts one and two failed to state viable claims under the TCCWNA because they were based on the omission of language required by the HFR. She also contends the court erred by dismissing count three because the conditions placed upon returns of merchandise and refunds are reasonable and not precluded by the HFR.

We need not address these issues because even if we assume the Sears sales documents and receipts violated the HFR, Sharp failed to plead sufficient facts showing she is an "aggrieved consumer" under the TCCWNA. The record shows that the sales documents did not include a specific delivery date for the first

13

sale, but the second delivery date was specified in the receipt. There is no claim that the ovens were not delivered as promised. Sharp therefore has not shown that she was in any way aggrieved by the absence of the specific language required by N.J.A.C. 13:45A-5.2(a).

Moreover, the record shows that the Sears receipts included all of the language required by N.J.A.C. 13:45A-5.3(a), with the exception of the word "delivery." Thus, the receipts state that if the merchandise is not "DELIVERED BY THE PROMISED DATE," Sears offers a choice of cancelling the order with a prompt, full refund, or accepting delivery at a specific later date, rather than if the merchandise is not "delivered by the promised delivery date." Clearly, the reference to the "PROMISED DATE" in the receipts means the "promised delivery date." Sharp has not shown that she was in any way aggrieved by the omission of the word "delivery" in the receipts.

Furthermore, Sharp alleges Sears included conditions on returns and refunds that are not permitted by N.J.A.C. 13:45A-5.3(c). Sharp claims the following terms are prohibited by the regulation:

> THE ORGINAL RECEIPT MUST BE PROVIDED FOR ALL RETURNS AND EXCHANGES. ITEMS MUST BE IN THE ORIGINAL PACKAGING AND CONTAIN ALL ORIGINAL ACCESSORIES TO BE RETURNED OR EXCHANGED.

A-1962-16T1

                    . . . .

        SOME ITEMS CAN NOT BE RETURNED IF OPENED.
        OTHER RESTRICTIONS APPLY.

                    . . . .

        YOU MUST REPORT ANY VISIBLE DAMAGE ON THIS
        ITEM WITHIN [SEVENTY-TWO] HOURS OF HOME DEL.
        TO BE ELIGIBLE FOR RETURN OR EXCHANGE. IF
        VISIBLE DAMAGE IS NOT REPORTED THE REFUND OR
        EXCHANGE WON'T BE ACCEPTED.

                    . . . .

        IN THE EVENT OF A RETURN OF ORIGINAL
        QUALIFYING MERCHANDISE, REWARD CARD[S] WILL BE
        DEDUCTED FROM ANY REFUND AMOUNT.

    However, the Sears return and exchange policy does not include any language expressly prohibited by N.J.A.C. 13:45A-5.3(c). The Sears sales documents do not set forth prohibited terms such as "all sales final," "no cancellations," or "no refunds." In any event, Sharp has not alleged that she was aggrieved in any way by the Sears return and exchange policy.

    As indicated in the complaint, the Sears deliverymen immediately accepted the return of both ovens after determining that they did not fit in Sharp's kitchen cabinetry. It is also undisputed that Sharp received a full refund of the amounts she paid or agreed to pay for the ovens.

A-1962-16T1

We therefore conclude that in counts one, two, and three, Sharp failed to state claims upon which relief can be granted. The trial court did not err in dismissing those claims, with prejudice.

V.

Sharp further argues that the trial court erred by dismissing count four, in which she sought a declaratory judgment. She contends that she is entitled to seek relief under the Uniform Declaratory Judgment Law, N.J.S.A. 2A:16-50 to -62. In her complaint, Sharp sought a declaration that her contracts with Sears violated the HFR, and are null, void, and unenforceable.

Sharp's argument lacks sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E). We note, however, that Sharp has not stated a viable claim under the TCCWNA based on the alleged violation of the HFR. Moreover, it is undisputed Sears accepted return of the merchandise and provided Sharp with a full refund. There is no allegation that Sears is attempting to enforce the sales contracts. Thus, the issues that Sharp seeks to litigate in her declaratory judgment claim are moot. The court did not err by dismissing count four.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

16                                                                    A-1962-16T1